# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| Consumer Research and Protection, Inc., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Fred Meyer Stores, Inc., ) <br> ) <br> Defendant. ) <br> _____ ) | 3:17-cv-00006 JWS <br><br> ORDER AND OPINION <br><br> [Re: Motions at docs. 14 & 16] |

## I.  MOTIONS PRESENTED

At docket 14 plaintiff Consumer Research and Protection, Inc. ("CRP") moves to remand this case to the Superior Court for the State of Alaska. The declaration of Goriune Dudukgian supporting the motion is at docket 15. Defendant Fred Meyer Stores, Inc. ("FMS") opposes at docket 18. The affidavit of Marc G. Wilhelm supporting the response is at docket 19. CRP replies at docket 25.

At docket 16 CRP moves for summary judgment. The declaration of Alicia Martinez supporting the motion is at docket 17. FMS' response is at docket 27. CRP's reply is at docket 31.

Oral argument was not requested with respect to either motion. The court finds that oral argument would not be of assistance.

## II. BACKGROUND

This lawsuit was commenced in state court. It was removed to this court on the basis of diversity jurisdiction.[1] In its complaint, CRP seeks to represent a class described as "all persons, and entities, who purchased lead-acid batteries from Defendant, within the State of Alaska, and were charged a battery 'core charge' at any time within the 2 years preceding the filing of this Complaint and continuing through the present."[2] CRP alleges that FMS used a placard to advise prospective battery purchasers that Alaska law requires FMS to collect a "core charge" for each battery sold, when in fact Alaska law does not require such a charge. CRP contends that this alleged misrepresentation of Alaska law violates Alaska's Unfair Trade Practices and Consumer Protection Act ("UTPCPA").[3] Alaska law provides a private right of action to a person who suffers an ascertainable loss of money caused by a violation of the UTPCPA[4] in the amount of "three times the actual damages or $500 whichever is greater."[5] Alaska law also authorizes a private party to seek an injunction prohibiting the violation of the UTPCPA.[6]

---

[1] Notice of Removal, doc. 1.
[2] Complaint, doc. 1, Ex. A at ¶ 27.
[3] AS 45.50.471.
[4] AS 45.50.531(a).
[5] *Id*.
[6] AS 45.50.535(a).

CRP alleges that FMS charged a core charge which ranged between $5 and $16, depending on the type of battery purchased.[7] CRP further alleges that it paid FMS a core charge of $15.[8] By way of relief, CRP seeks class certification, damages for itself of $500 and a like amount for each class member, an injunction prohibiting FMS from representing to consumers that Alaska law requires a core charge, disgorgement of any un-refunded core charges, and costs and full reasonable attorney's fees as provided by AS 45.50.537.[9]

### III. MOTION TO REMAND

Diversity jurisdiction exists where plaintiff and defendant are citizens of different states and the amount or value in controversy exceeds $75,000, exclusive of interests and costs.[10] Here, it is undisputed that there is diversity of citizenship, but the parties disagree about whether the amount or value in controversy exceeds $75,000. Where the complaint does not specify an amount in controversy sufficient for diversity jurisdiction, the removing party has the burden to prove the existence of the required amount by a preponderance of the evidence.[11]

The first issue is whether the amount in controversy is to be measured against the amount that the named plaintiff seeks for himself, rather than the amount sought for the entire class. If it is the amount sought for the named plaintiff, then the amount is at

---

[7] Complaint, doc. 1, Ex. A at ¶ 15.

[8] *Id.* ¶¶ 19 - 21.

[9] *Id.* at 9.

[10] 28 U.S.C § 1332.

[11] *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir 1996).

-3-

most $515 (the statutory $500 plus a $15 disgorgement of the core charge). However, FMS contends that the amount in controversy is determined by reference to the allegation in the complaint that the class's claims involve more than $100,000.[12] CRP's rejoinder is that the correct reference is to the amount the complaint demands for the named plaintiff.[13] In the Ninth Circuit when the claims of individual class members are separate and distinct (as here where each has a statutory claim for $500 and possibly a disgorgement claim based on his or her own purchase of a battery), the individual claims may not be aggregated for purposes of establishing the amount in controversy.[14]

The second issue concerns the award of attorney's fees sought in the Complaint. FMS takes the position that the amount of attorney's fees in controversy is the amount that might be awarded at the conclusion of the litigation. CRP argues that the amount is the amount of attorney's fees incurred at the time of removal, relying primarily on the decision by the Seventh Circuit in *Gardynske-Leschuk v. Ford Motor Co.*[15] For its part, FMS says this court should not rely on out-of-circuit authority when the Ninth Circuit has held on more than one occasion that the total amount that may be recovered is the amount to consider. CRP has accurately distinguished each of the Ninth Circuit cases relied upon by FMS, showing that none of them actually stand for the proposition

---

[12]Complaint, doc. 1, Ex. A at ¶ 2.

[13]*Id*. at p. 9 of the Complaint.

[14]*Gibson v. Chrysler Corp.*, 261 F.3d 927, 943–45 (9th Cir. 2001) (discussing the history of the anti-aggregation rule and how it carries over into class action litigation).

[15]142 F.3d 955 (7th Cir. 1998).

-4-

advocated by FMS.[16] Most importantly, with respect to this issue, the Ninth Circuit recently wrote: "It remains an open question whether attorney's fees that are anticipated but unaccrued at the time of removal or filing in federal court, such as those at issue in this case, may be included in the amount-in-controversy."[17] The appellate court went on to say that it was unnecessary for it to resolve that "open question" in the case before it.[18]

District courts within the Ninth Circuit have noted that the other circuit courts are divided on the issue, as are the district courts within the Ninth Circuit.[19] This court finds the Seventh Circuit decision in *Gardynsky-Leschuk*[20] and several recent decisions by other district courts within the Ninth Circuit[21] highly persuasive. Based on those authorities, this court concludes that attorney's fees associated with post-removal legal services may not be included in determining the amount in controversy. FMS does not contend that the attorney's fees through the time of removal are large enough to reach the jurisdictional threshold.

---

[16] Reply Memorandum, doc. 25 at pp. 4-6.

[17] *Gonzales v. CarMax Auto Superstores, LLC, et al.*, 840 F.3d 644, 649 n.2 (9th Cir. 2016).

[18] *Id.*

[19] *See e.g., Visajnam v. Benihana Nat'l Corp.*, No. 2:15-cv-02589, 2015 WL 11089753, at *1 (C.D. Cal. July 9, 2015).

[20] 142 F. 3d 955.

[21] *Sturdevant v. 24 Hour Fitness USA, Inc.*, No. 3:16-cv-2119, 2017 WL 359175 (D. Or. Jan. 23, 2017); *Visajnam*, 2015 WL 11089753; *Grieff v. Brigandi Coin Co.,* No. C14-214, 2014 WL 2608209 (W.D. Wash. June 11, 2014); *Reames v. AB Car Rental Services, Inc., et al.*, 899 F. Supp.2d 1012 (D. Or. 2012); *Dukes v. Twin City Fire Ins. Co.*, No. CV-09-2197, 2010 WL 94109 (D. Ariz. Jan. 6, 2010).

CRP seeks equitable relief in addition to damages. However, FMS does not advance any argument concerning the value of the equitable relief sought. Because the burden is on FMS to prove the amount in controversy, its failure to offer any evidence pertaining to the equitable relief eliminates the value of such relief from consideration.

The final issue to consider concerning jurisdiction is FMS's request for time to conduct jurisdictional discovery. This request is made "so that Fred Meyer can conduct discovery to further address why this case is not an appropriate class action and, therefore, why fees should not be spread out among theoretical, but unlikely, class members."[22] Based on (1) the court's ruling that only present attorney's fees may be included in determining the amount in controversy and (2) FMS's failure to show that such fees meet or exceed the jurisdictional threshold even if they are allocated to the named plaintiff alone, such discovery would be pointless.[23]

From the preceding discussion, it is clear that FMS has not carried its burden to establish the existence of diversity jurisdiction, so the motion to remand will be granted. FMS's basis for removal, while faulty, is objectively reasonable. An award of costs and expenses under 28 U.S.C. § 1447(c) is unwarranted.[24]

---

[22] Defendant's Opposition, doc. 18 at p.12.

[23] For the same reason, there is no need to address FMS's argument that under Alaska law attorney's fee awards are allocated to class representatives only, not absent class members. Doc. 18 at 7–12.

[24] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

-6-

## IV. MOTION FOR SUMMARY JUDGMENT

As the preceding section of this order demonstrates, this court lacks subject matter jurisdiction. It follows that this court cannot entertain the motion for summary judgment.

## V. CONCLUSION

For the reasons set out above:

(1) The motion a docket 14 is GRANTED as follows: The Clerk of Court is directed to remand this case to the Superior Court for the State of Alaska at Anchorage.

(2) The motion for summary judgment at docket 16 is DENIED without prejudice to renewal in state court.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT